WILLIAM R. WEEKS, appellant,

*v.*

ESTHER G. SELBY et al., respondents.

[Filed June 18th, 1900.]

1. Sections 128 and 129 of the Orphans Court act control in the matter of awarding commissions to executors.

2. The allowance of commissions to executors will be made with reference to their "actual pains, trouble and risk" in settling the estate, rather than in respect to the *quantum* of the estate.

. 3. By the terms of the proviso to section 129, if the estate exceeds $50,000, the basis of fixing the amount of commissions to be allowed is to be determined by the "actual services rendered."

4. In an estate of over $50,000, in which there is no litigation or difficulty in gathering the estate together, and where the investments of the testator are still held by the executor, except as changed by maturity and reinvestment, and the "actual pains, trouble and risk in settling the estate" has not been great, an allowance of one per cent. on $1,197,501.57 of personal property is liberal for the "actual services rendered."

---

On appeal from a decree of the Essex orphans court, as follows:

Fort, J.

This is an application to settle counsel fees and fix the commission of the executor. On the hearing the court disposed of the matter of counsel fees and fixed the sum of $500 as a reasonable compensation for the counsel of the executor, and allowed to the counsel of the heirs on this accounting the sum of $150 each.

The estate in this case, according to the account, amounted to $1,197,501.57 of personal property. The claim of the executor for commission upon other than personal property will not be considered by the court, and in disposing of the case the commissions will be determined on the basis of the amount of personal property above stated.

The one hundred and twenty-eighth and one hundred and twenty-ninth sections of the Orphans Court act (*P. L. of 1898 p. 725*) control the court in the matter of the disposition of this question. This statute declares that the allowance of commission to executors shall be made with reference to their actual pains, trouble and risk in settling the estate, rather than in respect to the *quantum* of the estate; and it is expressly enacted that the commissions to be allowed shall never exceed the rate fixed by the one hundred and twenty-ninth section; and at the end of the one hundred and twenty-ninth section this proviso occurs:

"Provided, that the commissions of executors, where the receipts exceed the sum of $50,000, shall be determined by the orphans court on the final settlements of their accounts, according to the actual services rendered, not exceeding five per centum on all sums which come into their hands."

It will thus be seen that in estates where the amount is less than $50,000 the basis of fixing commissions is "the actual pains, trouble and risk of the executor in settling the estate," and not upon the basis of the *quantum* of the estate; and in cases exceeding $50,000, the basis of determining the amount of commissions to be allowed is, to use the language of the statute, to be determined by "the actual services rendered."

In this case the evidence discloses that the estate of Edwin Lister, while large, was very easily settled. There was no litigation; there was no difficulty in gathering the estate together; the investments of the executor, at this time, are the same as

those of the testator, with the exception of one $10,000 item; the "actual pains, trouble and risk in settling the estate," so far as the executorship is concerned, has not been great; and even allowing for all that the executor claims that he has done in connection with this estate, it is quite apparent that his labors have neither been onerous nor continuous. However, the court does not consider that commissions to executors should be solely determined upon the basis of investment and reinvestment of the estate; but the question of the character of the estate, and the actual services in handling the estate by the executor, should all be carefully taken into account. At this time the court will not pass upon the question of commissions of this executor as trustee, nor will the court now consider, in connection with these commissions, the fact that $5,000 is alleged to have been withheld by the executor, while claiming to act as trustee, in paying over to the heirs certain moneys of the Lister estate. Those matters can be disposed of later, when the trustee account shall be before the court. Nor will the court, in fixing those commissions, have any regard to the litigation in the court of chancery, referred to in the testimony, nor whether it is or is not, in the judgment of the court, from the evidence in the cause, the trusteeship, rather than the duties and obligations of the executorship.

The question, then, simply is what commissions shall be allowed the executor, in this intermediate account, for his "pains, trouble and risk" in the "actual services rendered" by him to the estate. He asks that the court shall allow him the maximum allowed by the statute—that is, five per cent. on the entire estate.

The court regards this application as excessive, unreasonably so. In this case there will be an allowance of commissions on the basis of one per cent. of the estate, and the decree for final fees and commissions, calculated on that basis, will be signed on presentation.

*Mr. Charles L. Corbin,* for the appellant.

*Mr. Robert H. McCarter* and *Mr. Chauncey G. Parker,* for the respondents.

Millville Improvement Co. *v.* Pittsburgh Plate Glass Co.

Per Curiam.

The decree appealed, from was made originally in the Essex county orphans court, and is affirmed, for the reasons given by Mr. Justice Fort in his opinion filed in the orphans court.

*For affirmance* — The Chancellor, Chief-Justice, Van Syckel, Dixon, Collins, Fort, Garretson, Hendrickson, Bogert, Adams, Vredenburgh, Voorhees—12.

*For reversal*—None.